UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER NOEL, SIMI LINTON, UNITED SPINAL, a nonprofit organization, THE TAXIS FOR ALL CAMPAIGN, a nonprofit organization, 504 DEMOCRATIC CLUB, a nonprofit organization, DISABLED IN ACTION, a nonprofit organization,<br><br>                                      Plaintiffs,<br><br>                  -against-<br><br>NEW YORK CITY TAXI AND LIMOUSINE COMMISSION, a charter mandated agency, and DAVID YASSKY, in his official capacity as chairman and commissioner of the New York City Taxi and Limousine Commission,<br><br>                                    Defendants. | Index No. 11-cv-0237 (GBD) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF OF THE TAXICAB, LIMOUSINE & PARATRANSIT ASSOCIATION AS *AMICUS CURIAE***

Emery Celli Brinckerhoff & Abady LLP
75 Rockefeller Plaza, 20th Floor
New York, New York 10019
(212) 763-5000

# TABLE OF AUTHORITIES

**PAGE NO.**

**FEDERAL CASES**

*Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*,
   471 F. Supp. 2d 295 (W.D.N.Y. 2007) .................................................................................. 2

*Concerned Area Residents for The Environment v. Southview Farm*,
   834 F. Supp. 1410 (W.D.N.Y. 1993) ..................................................................................... 2

*Erie Cnty. v. Kempthorne*,
   471 F. Supp. 2d 295 (W.D.N.Y. 2007) .................................................................................. 2

*Ryan v. Commodity Futures Trading Comm'n*,
   125 F.3d 1062-3 (7th Cir. 1997) ............................................................................................ 2

*Strougo v. Scudder, Stevens & Clark, Inc.*,
   No. 96-2136, 1997 WL 473566 (S.D.N.Y. Aug. 18, 1997) ................................................... 2

The Taxicab, Limousine & Paratransit Association ("TLPA" or "*amicus*") respectfully moves for leave to file the "Memorandum of Law of *amicus curiae* Taxicab, Limousine & Paratransit Association in Opposition to Plaintiffs' and Department of Justice's ("DOJ") Motions for Summary Judgment and Plaintiffs' Motion to Strike and In Support of Defendants' Motion for Summary Judgment," annexed to the Declaration as Exhibit A.

## INTERESTS OF PROPOSED *AMICUS*

This is a case of first impression in which plaintiffs and DOJ ask the Court to hold that the public entity that regulates and licenses the taxi industry in New York City is liable under Title II of the Americans with Disabilities Act ("ADA") for failing to require that all, or substantially all, of the yellow taxi medallions in New York City be run on accessible vehicles. TLPA, formed in 1917, is the national organization that represents the owners and managers of taxicab, limousine, sedan, airport shuttle, paratransit, and non-emergency medical fleets. TLPA has members that are yellow medallion taxi fleet owners in New York City and their interests are directly affected by this litigation – including Arthur Cab Corporation and Ann Service Corporation, who together operate 310 New York City medallions. The Court's ruling on the parties' motions for summary judgment will affect the interests of TLPA and its members.

*Amicus* presents issues in the attached memorandum of law that are relevant to the Court's analysis and have not been adequately briefed by the parties. TLPA is in a unique position to supply these additional facts and arguments, as it served on the U.S. Department of Transportation's Federal Advisory Committee, established to advise the Department in developing implementing regulations for the Americans With Disabilities Act of 1990 ("ADA"), and actively participated in the development of the ADA Transportation Regulations. In this case of first impression, plaintiffs and DOJ seek a sea change in the regulation of the taxi industry in New York City, and TLPA may be able to aid the Court to cut through the complex

1

issues raised and shed light on otherwise undisclosed legislative history and intent of the ADA and its implementing regulations with regard to taxis.

## ARGUMENT

"Federal courts have discretion to permit participation of amici where such participation will not prejudice any party and may be of assistance to the court." *Strougo v. Scudder, Stevens & Clark, Inc.*, No. 96-2136, 1997 WL 473566, at *3 (S.D.N.Y. Aug. 18, 1997) (citation omitted); *see also Concerned Area Residents for The Environment v. Southview Farm*, 834 F. Supp. 1410, 1413 (W.D.N.Y. 1993) ("District Courts have broad discretion in deciding whether to accept *amicus* briefs."). An *amicus* brief should be allowed when the *amicus* has "unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide." *Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*, 471 F. Supp. 2d 295 (W.D.N.Y. 2007) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062-3 (7th Cir. 1997) (Posner, J.)). An *amicus*, by its nature, is "not normally impartial," and there is no rule that an *amicus* "must be totally disinterested." *Concerned Area Residents for The Environment*, 834 F. Supp. at 1413 (granting leave to a private organization representing farmers' interests to file an *amicus* brief where the organization's members stood to be "significantly affected by the court's decision").

Defendants have consented to the filing of this *amicus* brief, but plaintiffs have not. TLPA has not received a response from DOJ regarding its consent. TLPA respectfully requests leave to file its *amicus* brief under the Court's broad discretion. TLPA submits that it has a unique perspective that may assist the court on significant issues of national interest in this case beyond the arguments provided by the parties. Because oral argument on this motion is not until November 22, 2011, TLPA does not think plaintiffs or DOJ will be prejudiced by the submission of this *amicus* brief.

## CONCLUSION

For the reasons set forth above, *amicus* respectfully requests that this Court grant its motion for leave to file an *amicus* brief.

Dated: November 16, 2011
       New York, New York

           EMERY CELLI BRINCKERHOFF
             & ABADY LLP

      By:     /s/

           Richard D. Emery
           Julia Einbond
           75 Rockefeller Plaza, 20th Floor
           New York, NY 10019
           Email: remery@ecbalaw.com
           Tel: 212-763-5000
           Fax: 212-763-5001
           *Attorneys for Amicus Curiae*
           *Taxicab, Limousine & Paratransit*
           *Association (TLPA)*