# MEMORANDUM OF UNDERSTANDING

*Taxis for All Campaign, et al. v. Taxi and Limousine Commission, et al.*

I. <u>**NO ADMISSION OF LIABILITY**</u>

    A.    By entering into this agreement, Defendants do not admit liability, Plaintiffs do not waive any claim for attorneys' fees, and Defendants do not waive any right to object to any such claim.

II. <u>**COMMITMENT TO ACCESSIBILITY**</u>

    A.    Within thirty days of the execution of this MOU, Defendants agree to commence rulemaking that would require taxicab medallion owners to utilize accessible taxicab vehicles on a phased in schedule until at least 50% of the taxi fleet is comprised of wheelchair accessible vehicles ("Proposed Rules").

    B.    The commitment to accessibility contained in this agreement is not linked to the Nissan NV200 Taxi, the Taxi of Tomorrow program, or to any particular vehicle or program.

    C.    The conversion period from inaccessible to accessible vehicles shall commence the earlier of: (1) the date on which there is a commercially available vehicle that meets the requirements of New York City Administrative Code § 19-533 and can also be converted to accommodate the transportation of persons in wheelchairs in accordance with the Americans with Disabilities Act ("ADA"); or (2) January 1, 2016 ("the start date"). Commencing on the start date and continuing until 50% accessibility has been reached, the parties shall proceed as described in Part III.

III. <u>**PHASED IN TRANSITION TO ACCESSIBILITY**</u>

    A.    The proposed rules shall require that accessibility be phased in during the regular replacement schedule set forth in the version of the rules of the New York City Taxi and Limousine Commission in effect as of November 19, 2013. No medallion owners would be required to retrofit their medallion taxicab vehicles used in taxicab service prior to the date such medallion owner is required to purchase an accessible vehicle under the Proposed Rules.

B.    Accessible vehicles shall be phased in to replace inaccessible vehicles in accordance with the Proposed Rules.

C.    The Proposed Rules shall ensure that, consistent with all applicable laws, after the start date, not less than 50% of medallion taxicab vehicles put in service in any year be wheelchair accessible; provided, however, that if as of any particular date, 50% or more of the vehicles put into service since the start date are accessible, there shall be no violation of this agreement if in any given year less than 50% of the new vehicles put into service are wheelchair accessible.

D.    Notwithstanding any other provision of this agreement, the Proposed Rules shall ensure that 50% of the medallion taxicab vehicles are accessible vehicles no later than January 1, 2020; provided, however, that if as of such date: (1) 50% or more of vehicles put into service since the start date are accessible; and (2) inaccessible vehicles scheduled to be retired and replaced with accessible vehicles during the year 2020 are sufficient to get to 50% of the total fleet, then such date shall be extended to December 31, 2020. The 50% accessibility requirement shall not be considered as a ceiling on accessibility.

## IV.    REPORTS AND MONITORING

### A. Implementation and Reporting

1. The Court in the case of <u>Taxis for All Campaign, et al. v. Taxi & Limousine Commission, et al., 11 CV 237 (GBD)</u>, will retain jurisdiction for enforcement of and compliance with this agreement.

2. Defendants agree to produce periodic reports as may be agreed upon to Plaintiffs as to implementation of this agreement.

### B. Rulemaking

Within thirty days, Defendants shall publish Proposed Rules to commence rulemaking to make such changes to TLC regulations and rules as would be necessary to implement this agreement.

### C. Binding Agreement

1.    It is the intent of all parties that this document be a fully binding agreement, provided however that, regarding the rulemaking, the Defendants are binding themselves only to proposing rules as described above. As set forth in the accompanying Implementation Agreement, in the event that the Proposed Rules are not adopted, Plaintiffs may request that the Court lift the stay on the litigation, but

Defendants shall in no way be otherwise liable for a failure to adopt the proposed rules.

2. The parties further agree that they will make best efforts to resolve any disagreements arising from this memorandum of understanding in accordance with the dispute resolution procedure set forth in the accompanying Implementation Agreement.

DATE:   November 27, 2013

Undersigned:

_____
DISABILITY RIGHTS ADVOCATES, ON BEHALF OF ALL PLAINTIFFS
    By:  Julia Pinover, Esq.


_____
OFFICE OF THE CORPORATION COUNSEL OF THE CITY OF NEW YORK,
MICHAEL A. CARDOZO, ON BEHALF OF ALL DEFENDANTS
    By:  Michelle Goldberg-Cahn
         Assistant Corporation Counsel