

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

——————————————————————— x

THE TAXIS FOR ALL CAMPAIGN, a
nonprofit organization, DR. SIMI LINTON, an
individual, UNITED SPINAL ASSOCIATION,
a nonprofit organization, 504 DEMOCRATIC
CLUB, a nonprofit organization, DISABLED
IN ACTION, a nonprofit organization

          Plaintiffs,

-against-

NEW YORK CITY TAXI AND LIMOUSINE
COMMISSION, a charter mandated agency,
MEERA JOSHI, in her official capacity as
chairman and commissioner of the New York
City Taxi and Limousine Commission, THE
CITY OF NEW YORK, and BILL DE
BLASIO in his official capacity as Mayor of
the City of New York

          Defendants.

——————————————————————— x

Case no. 11-cv-0237 (GBD)

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AGREEMENT**

Hearing Date: September 16, 2014
Time: 12:00 p.m.
Courtroom: 11A

Date Filed: January 12, 2011
Judge: Hon. George B. Daniels

**PLAINTIFFS HAVE MADE AN APPLICATION** to the Court for an order finally approving the settlement in this action with Defendants the New York City Taxi and Limousine Commission ("TLC"), Meera Joshi, the commissioner of the TLC, The City of New York ("City"), and Bill de Blasio, the Mayor of the City of New York (collectively, "Defendants") in accord with the Settlement Stipulation, which sets forth the terms and conditions of a proposed settlement and dismissal of the action upon the terms and conditions set forth therein. Defendants do not oppose this motion. Having read the papers submitted and carefully considered the arguments and relevant legal authority, and good cause appearing, the Court GRANTS Plaintiffs' Motion for Final Approval of the Settlement Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. The Court hereby grants final approval of the Proposed Class Action Settlement Stipulation (the "Settlement Stipulation"). The Court finds that the Settlement Stipulation is fair, adequate, and reasonable to all known and potential class members, as well as all relevant industry third-parties.

2. It further appears that extensive evaluation of the merits of this case has been conducted, such that the attorneys for all parties were able to reasonably evaluate their respective positions. It also appears that settlement will, at this time, avoid substantial additional costs to all Parties, as well as avoid the delay and the risks inherent in further litigation. The Court has reviewed the relief granted by the Settlement Stipulation and recognizes the significant and historic value to the Plaintiff Class of the injunctive relief set forth therein.

3. Given the previous litigation history of this matter, neither side was certain of the outcome that would have resulted had the case continued on through the parties' second cross-motions for summary judgment, or to trial.

4. It further appears that the Settlement Stipulation has been reached as the result of intensive, prolonged, serious, and non-collusive arms-length negotiations, Such negotiations have included multiple in-person and telephonic settlement and mediation sessions, conducted over the course of three and a half (3 ½) years. Counsel on both sides have fully and aggressively litigated this matter, and the Settlement Stipulation resolves the matter in a just and fair way for all Parties. The Settlement Stipulation was informed by extensive discovery, and was the result of the work of experienced and competent counsel.

5. The Settlement Stipulation also has additional support in the separate and independent Rule 58-50 in Title 35 of the Rules of the City of New York, which was enacted by the TLC on April 30, 2014. Based on the record before this Court, it appears that the passage of Rule 58-50 was supported by ample evidence and consideration.

6. The Court finds that the distribution of notice by all parties was done in a manner and form consistent with the Court's June 10, 2014 Preliminary Approval Order, and meets the requirements of both due process and Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure. The notice provided was the best practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto. Such notice was made available by the following means:

   a. Notice was posted on the websites of Class Counsel Disability Rights Advocates, the Taxi & Limousine Commission, and the New York City Mayor's Office for People With Disabilities.

   b. Notice was sent out by email, listserv, and/or being posted to the website for all constituents of the 504 Democratic Club, the Center for Independence of the Disabled New York, Brooklyn Center for Independence of the Disabled, the Taxis for All Campaign, the United Spinal Association, Disabled in Action, the Bronx Independent Living Services, the New York State Independent Living Council, and the Disabilities Network of New York City.

   c. Notice was published at least two times within twenty-one calendar days of the Court's Preliminary Approval Order in the *New York Law Journal* and the *Daily News*.

7. The Court has considered the two sets of comments and objections provided by industry third parties the Greater New York Taxi Association ("GNYTA") and the Committee for Taxi Safety ("CTS"). The Court finds that, upon full consideration of each objection as well as the responses of Class Counsel, they are meritless. While existing caselaw indicates that non-parties may not have standing to object to a class action settlement, the Court does not decide this issue, as the objections do not warrant disapproval of the Settlement Stipulation.

8. The Court retains continuing jurisdiction over this matter for a period of time up through December 31, 2020, as set forth in the Settlement Stipulation, in order to supervise the implementation, enforcement, construction, and interpretation of the Settlement Stipulation and this Order, and to be able to determine the amount of an award of attorneys' fees and costs, if any, to which Class Counsel is entitled.

Dated: SEP 16 2014
New York, NY

_____
Hon. George B. Daniels

4